UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 11-15-GFVT |
| Plaintiff, ) | |
| V. ) | **ORDER** |
| JASON CARNES, ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the reported violations of supervised release conditions by Defendant Jason Carnes. This issue was referred to Magistrate Judge Hanly A. Ingram [R. 747], who conducted a hearing pursuant to Federal Rule of Criminal Procedure 32.1(b). [R. 752]. Following this hearing, Judge Ingram prepared a Recommended Disposition, in which he recommended revocation and imprisonment for a term of seven months based on the violations found, with a term of supervised release of four years to follow. [R. 753]. Judge Ingram recommends that this supervised release term shall be served under the conditions previously imposed at Docket Entry 657, with the modified condition that Defendant shall, upon evaluation by and at the direction of the USPO, complete a 90-day inpatient drug treatment program, and that, in the USPO's discretion, Defendant be required to pay for that treatment. [R. 753].

Pursuant to 28 U.S.C. § 636(b)(1), a party has fourteen days after being served with a copy of the Recommended Disposition to file a specific written objection. Upon receiving an objection by a party, this Court must conduct a de novo review of the portion of the Recommended Disposition to which the party specifically objected. However, as Judge Ingram warned in his Recommended Disposition, "Failure to make timely objection consistent with this statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court or Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985)." [R. 740].

As the period for the Defendant to file his objections to the Recommended Disposition has passed and no objection has been raised, the Defendant has effectively waived any rights he might have had to de novo review by this Court or an appeal in the Court of Appeals. Further, the Defendant filed a waiver of allocution [R. 754], expressly waiving any right he might have had to a hearing prior to a final judgment by this Court. Therefore, the Court having now reviewed the Report and Recommendation hereby accepts the recommendation of the Magistrate Judge and adopts it as and for the opinion of this Court.

Accordingly, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [R. 753] is **ADOPTED** as and for the opinion of this Court;

2. The Defendant's supervised release is revoked in favor of imprisonment for a term of seven months based on the violations found, with a term of supervised release of four years to follow. This supervised release term shall be served under the conditions previously imposed at Docket Entry 657, with the modified condition that Defendant shall, upon evaluation

by and at the direction of the USPO, complete a 90-day inpatient drug treatment program, and that, in the USPO's discretion, Defendant be required to pay for that treatment.

    3.    An Amended Judgment shall be entered.

This 11th Day of July, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge