UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:11-cr-15-GFVT-HAI-9 |
| | ) | |
| V. | ) | |
| | ) | |
| JASON CARNES, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram.  [R. 787.]  The Defendant, Jason Carnes, is charged with multiple violations of his supervised release, based on two occurrences involving oxycodone use. This Court, like Magistrate Judge Ingram's Recommended Disposition, notes that this is the fourth time Defendant Carnes has admitted to violating the terms of his supervised release.

Regarding the current occasion, Carnes has been charged with four violations.  On August 28, 2015, Carnes tested positively for oxycodone and admitted using the drug.  This positive drug test and admission of use constitutes a violation of Standard Condition #7, which prevents the Defendant from using or possessing any controlled substances except as prescribed by a physician, and a violation of a general supervised release condition which prohibits the Defendant from committing any federal, state, or local crimes.  [R. 787 at 3.]  Then, on September 2, 2015, during a visit to the United States Probation Office in which Carnes was asked to submit a urine specimen, Carnes admitted he would test positive for oxycodone and, accordingly, signed an admission report.  Just as described above, this positive drug test and

admission constitutes two violations of the terms of Carnes' supervised release, for using or possessing controlled substances and for committing a federal crime. At a final hearing before Magistrate Judge Ingram on September 22, 2015, Carnes knowingly, voluntarily, and intelligently stipulated to the violations. [*Id.* at 4.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors, as well as § 3583(e), when coming to his recommendation. The Recommended Disposition explains that a sentence at the top of the applicable range is warranted in this case. Carnes' case involves repeated, serious breaches of the Court's trust. Further, Carnes has a severe drug problem. He was originally convicted for his participation in a wide-ranging methamphetamine conspiracy, and all of his supervised release violations stem from his continued substance abuse. The need to protect the public and to deter criminal conduct is high here.

Judge Ingram's Recommended Disposition explains that, in light of the repeated breaches of trust involved in this case, the Court initially contemplated recommending an upward departure from the Sentencing Guidelines. However, because of the joint recommendation of the parties, Judge Ingram recommends a ten-month period of incarceration. The Recommended Disposition explains that Defendant did not have an opportunity to complete a drug treatment program while incarcerated and did not seek post-release treatment because he thought he had sufficiently "detoxed" while incarcerated. As Defendant is clearly still struggling with substance abuse, Judge Ingram recommends a four-year term of supervised release to follow the ten-month incarceration, with a modified condition requiring Defendant to complete an inpatient drug treatment program during his supervised release term. Although Judge Ingram considers a ten-month term of imprisonment to be the very minimum term necessary in this case, the Recommended Disposition does suggest the ten-month term in light of the joint recommendation

of the parties.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition advised the parties that objections must be filed within fourteen (14) days of service. [*Id.* at 9.]  *See* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Recommended Disposition were filed within the appropriate time period by either party.

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made.  28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.      The Recommended Disposition [**R. 787**] as to Defendant Jason Carnes is **ADOPTED** as and for the Opinion of the Court;

2.      Defendant Carnes is found to have violated the terms of her Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3.      Carnes' Supervised Release is **REVOKED**;

4.      Carnes is sentenced to a term of **ten (10) months** of incarceration, with a **four-year** term of supervised release to follow.  This four-year term will be subject to the same

conditions previously imposed [R. 657], with the modified condition that Defendant shall complete an inpatient drug treatment program and that, in the United States Probation Office's discretion, Defendant shall be required to pay for that treatment.

5.      Judgment in this matter shall be entered promptly.

This the 10th day of November, 2015.

Gregory F. Van Tatenhove
United States District Judge